**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:21-CV-00120-JHM**

**MARIAN HAWES, by and through**
**JILL SAILORS**                                                               **PLAINTIFF**

**V.**

**RIVERSOURCE LIFE INSURANCE COMPANY**                       **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's Motion to Remand [DN 7-1].  Fully briefed, this matter is ripe for decision.  For the following reasons, the motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Marian Hawes purchased a guaranteed renewable long-term care insurance policy from IDS Life Insurance Company, a predecessor in interest to Defendant Riversource.  The Policy, when issued to Hawes in 1999, had a face value of $160,000 for the maximum lifetime benefit.  *Id.* at 2.  This benefit amount increased each year by 5%, compounded annually.  *Id.* Plaintiff made premium payments to Defendant for over twenty years.  At the time the Complaint was filed in this case, July 2021, the maximum lifetime benefit had increased to well over $400,000.  *Id.*

In October 2020, Plaintiff was admitted into a nursing home facility.  *Id.*  Later she was transferred to another facility.  Plaintiff made a claim for benefits under the policy.  In a letter dated May 6, 2021, Defendant denied Plaintiff's claim for facility care benefits taking the position that the Policy had lapsed in January of 2020 due to the non-payment of premiums.  This lawsuit followed.

1

In her Complaint, Plaintiff requested the Policy be reinstated and demanded that Defendant fully pay for the services incurred by Plaintiff at the nursing homes under the Policy.  [DN 1-2]. Although Defendant was served with the state court Complaint on July 26, 2021, Defendant did not file its Notice of Removal to this court until November 10, 2021.  Plaintiff filed this Motion to Remand on December 9, 2021 arguing that the Defendant's Notice of Removal was untimely.

## II. DISCUSSION

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction.  *See* 28 U.S.C. §§ 1441, 1446.  This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the dispute is between parties who are "citizens of different states."  28 U.S.C. § 1332(a)(1).  The parties do not dispute that they are citizens of different states or that the amount in controversy exceeds $75,000 as required by § 1332.  The only dispute before the Court is whether Defendant timely removed the case to federal court under 28 U.S.C. § 1446.

Congress developed the statutory right of removal as a solution to the dual jurisdiction of state and federal courts.  Removal offers the defendant thirty days to determine if dual jurisdiction exists and, if so, to choose which court will hear the case.  The burden of proving the existence of federal jurisdiction falls on Defendant Riversource as the removing party.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  For reasons of efficiency and comity, and because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  Accordingly, federal courts construe the removal and remand statutes strictly against the extension of federal power to avoid encroachment on state court jurisdiction.

2

*Id.*; *see Coyne*, 183 F.3d at 493 ("[a]ll doubts as to the propriety of removal are resolved in favor

of remand."); *Alexander v. Electronic Data Sys.*, 13 F.3d 940, 949 (6th Cir. 1994).

The removal statute, 28 U.S.C. § 1446(b)(1), requires defendants to file a notice of removal

within thirty days of receipt of a copy of the initial pleading in the case.  But the statute also

provides limited exceptions to this thirty-day deadline.  If the case stated by the initial pleading is

*not removable*, meaning that it does not make it clear that removal is proper, § 1446(b)(3) grants

a time extension, allowing a notice of removal to be filed "within thirty days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other

paper *from which it may be first ascertained* that the case is one which is or has become

removable." 28 U.S.C. § 1446(b)(3) (emphasis added).  The statutory language illustrates that this

time extension only applies if the defendant is *unable to ascertain* that the case is removable from

the initial pleading.  As such, when a defendant misses the thirty-day deadline imposed by Section

1446 (b)(1) and argues that his case merits an extension, the relevant question becomes whether

the defendant *could have* removed the case within the thirty-day window based on what they

learned from the initial complaint. *See McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

Because state courts are well-equipped to handle diversity cases, there is no reason to allow a

defendant additional time if the presence of grounds for removal is unambiguous in the complaint,

given the defendant's knowledge of the nature of the claims made.  *Id.*  "In other words, even

where the amount of damages is not specified, if the defendant is able to ascertain from a fair

reading of the complaint … that the minimum jurisdictional amount exists, he cannot sit idly by

while the statutory period runs." *Id.*  Accordingly, the Court must determine if the Defendant

could have reasonably ascertained that this action involved sums greater than $75,000, at the time

it was served with the Complaint.

Sixth Circuit caselaw established by *Massachusetts Cas. Ins. Co. v. Harmon* helps greatly in resolving the question of when this case presented an amount in controversy sufficient for removal. 88 F.3d 415 (6th Cir. 1996). In *Harmon*, the Sixth Circuit acknowledged the "clear federal rule" that, regarding insurance policies providing disability benefits, the "future potential benefits may be considered in computing the requisite jurisdictional amount" where the *validity* of the insurance policy is disputed in a diversity action. *Id.* at 416 (emphasis added). Stated differently, the face value of the policy may be considered in determining the amount in controversy when the policy itself is at issue in the case. By contrast, future potential benefits may not be considered "where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy." *Id.* at 416; *see also Jones v. Life Ins. Co. of North America*, 746 F. Supp. 2d 850, 853 (W.D. Ky. 2010) ("[i]f a plaintiff is suing an insurer under a breach of contract theory, future benefits may not be included in the amount in controversy unless the validity of the entire policy is in question."). In *Harmon*, the insurer had filed suit to rescind a policy providing disability benefits, leading the Sixth Circuit to conclude that the case concerned the validity of the entire policy, not just the insurer's obligations for specific benefits. *Id.* at 417. Accordingly, the court considered the limits ("future potential benefits") of the policy in calculating the amount in controversy. *Id.*; *see also CSAA Gen. Ins. Co. v. Bailey*, No. 5:20-CV-158-REW, 2021 WL 354464, at *3 (E.D. Ky. Feb. 2, 2021) (holding the same in a case where "the object in question is the policy itself"); *Tompkins v. Standard Life Ins. Co.*, No. 5:15-050-DCR, 2015 WL 2061927 (E.D. Ky. Apr. 30, 2015) (holding the same in a case where the insurer attempted to discontinue all coverage under a policy).

In this case, Defendant's claim that Plaintiff's coverage had lapsed and was no longer in effect, placed the validity of the Policy squarely at the center of this case. This is obvious from

the Complaint. Therefore, as *Harmon* clearly held, the face value of the policy is considered by the court when computing the requisite jurisdictional amount. Because the Policy's maximum lifetime benefit was $160,000 at its beginning and rose to a face value $400,000 at the time of the lawsuit—facts that Defendant does not dispute—the amount in controversy well exceeded the jurisdictional minimum for this Court at the time Plaintiff filed the initial Complaint.

Furthermore, the Court does not doubt that Defendant was eminently aware of the face value of the Policy it was contesting when the Complaint was filed. In *McCraw v. Lyons*, a plaintiff filed an action in state court "asserting various state tort claims including assault, battery, harassment, and outrageous conduct" against the defendant, but did not assert a precise sum of alleged damages pursuant to Kentucky Rule of Civil Procedure 8.01(2). 863 F. Supp. at 431. The defendant missed the thirty-day statutory deadline for removal. The court concluded that a fair reading of the complaint's allegations and claims for damages rendered it unambiguous that the amount in controversy exceeded the jurisdictional amount required for removal and remanded the case back to state court. *Id.* at 434. In a more recent case addressing a defendant's untimely removal, *Hall v. M&T Trucking Expediting LLC*, the court concluded that a fair and logical reading of the complaint rendered it unambiguous that the amount in controversy exceeded the $75,000 threshold when a plaintiff alleged damages including past medical expenses, past physical and mental pain, suffering, and anguish, destruction of capacity to earn an income, funeral and burial expenses, loss of consortium, and punitive damages. No. 3:20-CV-00072, 2021 WL 816908, at *3 (E.D. Ky. Mar. 3, 2021). Like in *McCraw*, the court denied a time extension for removal and remanded the case because the defendants could have ascertained the amount in controversy exceeded $75,000 from the initial pleading. *Id.* at *4.

5

Although these cases involved torts claims and this case concerns the very different subject of insurance, the fundamental rule is still useful in explaining why Defendant's untimely removal was not excusable.  As in the above cases, a fair reading of the Complaint in this case made it unambiguous that the $75,000 threshold was satisfied.  The Complaint explicitly contested whether the Policy had lapsed and requested that Defendant "perform" under the policy and "fully pay" for the nursing home services incurred by Plaintiff.  Defendant could easily have ascertained that the jurisdictional minimum was exceeded from this language, especially considering its own recent actions of voiding Plaintiff's policy due to late payments.  *See* DN 7-3.  In its response to Plaintiff's motion, Defendant argues that it deserves a time extension under 28 U.S.C. § 1446(b)(3), insisting that it did not ascertain that the amount in controversy exceeded $75,000 until it received receipts of Plaintiff's nursing home stays, among other information.  But Defendant ignores the statutory preconditions for the time extension to apply: "if the case *stated by the initial pleading is not removable …*"  *Id.*  Although Defendant argues literally that the Complaint did not state a dollar amount pursuant to KRCP 8.01(2), both *Harmon* and *McCraw*—combined with Defendant's own actions and knowledge of the subject—make clear that the Complaint alleged an amount beyond $75,000 given that the value of the Policy far exceeded this sum.

Defendant alternatively argues that its tardy removal does not implicate the policy rationale supporting § 1446's thirty-day deadline and thus should be excused.  It asserts that it "moved as quickly as was reasonably possible" and that removal was not extremely late, occurring "less than four months after this case was initiated." [DN 14 at 5, 8].  Additionally, Defendant declares that "absolutely no action had taken place in the state court" prior to its Notice of Removal aside from each side serving discovery—thus precluding the prospect of federal court interference with the state system (as well as the improper motivation for removing a case because the state case was

proceeding other than to a defendant's liking). *Id.* at 8.  These explanations are irrelevant.  It does

not matter if this case does not implicate the policy rationales for the thirty-day removal deadline.

The deadline is mandatory.[1]  Federal courts strictly apply it, with all doubts resulting in remand.

In this case, however, *Harmon* removes all doubts as to whether the case was removable when the

Complaint was filed.  Accordingly, the Court remands the case due to Defendant's untimely

removal under § 1446.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to

Remand [DN 7-1] is **GRANTED**.  The case is **REMANDED** to Daviess Circuit Court consistent

with this opinion.

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 2, 2022

cc:     Counsel of Record
        Daviess Circuit Court

---

[1] To permit a defendant to remove a case to federal court based on an untimely though otherwise substantively valid petition "would completely emasculate the effect of the thirty-day limitation." *McCraw*, 863 F. Supp. at 434. Accordingly, a defendant's failure to comply with the thirty-day limit is an "absolute bar to removal regardless of whether the removal would have been proper if timely filed." *Id.*